1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL PENA AYALA,<br>CDCR #F-10444,<br><br>Plaintiff,<br><br>vs.<br><br>L. ROMERO, Correctional Officer;<br>Mr. TAYLOR, Correctional Officer,<br><br>Defendants. | Case No.: 3:18-cv-2463-CAB-RBM<br><br>**ORDER:**<br><br>**1) GRANTING RENEWED<br>MOTION TO PROCEED<br>IN FORMA PAUPERIS<br>[ECF No. 4]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO<br>EFFECT SERVICE OF COMPLAINT<br>AND SUMMONS PURSUANT TO<br>28 U.S.C. § 1915(d) AND<br>Fed. R. Civ. P. 4(c)(3)** |

ANGEL P. AYALA ("Plaintiff"), currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and proceeding pro se, has filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

Plaintiff claims Defendants Romero and Taylor, while employed as Correctional Officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his constitutional rights on March 31, 2017, while he was incarcerated there. (*Id.*

at 1-4.) He seeks $225,000 in general and punitive damages, and alleges to have exhausted his administrative remedies via CDCR 602 Inmate/Parolee Appeal No. RJD-C-17-01844 through the Third Level of Appeal prior to filing suit. (*Id.* at 5-6, & Ex. A at 9-16.)[1]

## I. Procedural History

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead filed Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On November 7, 2018, the Court denied Plaintiff's Motion to Proceed IFP because he failed to attach certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), but granted him 45 days leave in which to correct that deficiency. (ECF No. 3 at 3-4.) He has since filed a renewed Motion to Proceed IFP—this time including a certified copy of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2) (ECF No. 4).

## II. Renewed Motion to Proceed IFP

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the

---

[1] The Court further notes that Plaintiff has another civil rights action pending in this Court. *See Ayala v. Salazar*, S.D. Cal. Civil Case No. 3:18-cv-02885-JLS-RBM ("*Salazar*"); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). While *Salazar* also involves an alleged incident of excessive force arising at RJD in 2017, the two cases appear unrelated insofar as they involve different correctional officer defendants and allege separate causes of action arising approximately one week apart. *See Salazar*, ECF No. 1 at 1-4. Therefore, should Plaintiff elect to proceed and also be granted leave to proceed IFP in that case, he will be required to pay two full filing fees, which will be collected pursuant to 28 U.S.C. § 1915(b)(1) and (2) "simultaneously for each action pursued." *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016); *see also Johnson v. Darr*, No. 10CV2334-WQH-POR, 2018 WL 5246597, at *2 (S.D. Cal. Oct. 22, 2018).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

2

entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff submits a Prison Certificate issued by an Account Specialist at KVSP, as well as copies of his CDCR Inmate Statement Report attesting to his trust account activity and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 4 at 4-7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff carried a $35.70 average monthly balance and had $20 in average monthly deposits to his account. *See* ECF No. 4 at 4. Thus, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP (ECF No. 4)

---

Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

and assesses his initial partial filing fee to be $7.14 pursuant to 28 U.S.C. § 1915(b)(1).

However, because Plaintiff also had no available balance on the books at the time of his most recent filing, *see* ECF No. 4 at 4, 7, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the initial $7.14 fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## III.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## B. Plaintiff's Allegations

Plaintiff, while a participant in the psychiatric enhanced outpatient program ("EOP") at RJD, claims that on "countless occasions" in the months leading up to March 31, 2017, Correctional Officer Romero "wantonly and viciously harassed [him]" by forcefully patting him down, and ordering him to "strip out in front of dozens of onlookers." (Compl., ECF No. 1 at 4.) Plaintiff claims he did so "all the while calling [him] homophobic slurs and making threats of violence," and after Plaintiff had reported the "extreme stress" this was causing him to both his clinician and the Warden. (*Id.* at 3-4.)

On March 31, 2017, Plaintiff contends Romero again ordered him to "strip out," show his genitals, called him a "faggot," "bitch" and "punk," and taunted that the Warden was his "friend." (*Id.* at 3, 4.) Romero then "ordered [him] to leave without [his] clothes," became "enraged" when Plaintiff asked for them, and then "placed … handcuffs on [him] so tightly that [he] … suffered cuts to his wrists." (*Id.* at 3.) Romero and Taylor then escorted Plaintiff to his cell, where Romero "shoved [him] against the fence," and "dropped

5

[him] by kicking [his] legs," "punching [his] head, face, and torso," calling him "various slurs," and saying: "Tell this to the Warden." (*Id.*) Plaintiff alleges Officer Taylor "watched everything and stood idly by," except to "come in to remove [his] handcuffs" afterward. (*Id.*)

Based on these allegations, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."). Although inmates have a "limited right to bodily privacy," *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects them from repetitive and harassing searches, and from sexual abuse. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-1197 (9th Cir. 2000).

Therefore, the Court will direct the U.S. Marshal to effect service of the summons and Plaintiff's Complaint on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C.

---

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

§ 1915.").

**IV.    Conclusion and Order**

      For the reasons explained, the Court:

      1.      **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

      2.      **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $7.14 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

      3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

      4.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Romero and Taylor. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

      5.      **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

///

6.      **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7.      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  February 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge