UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL P. AYALA, <br><br> Plaintiff, <br><br> v. <br><br> L. ROMERO et al., <br><br> Defendants. | Case No.: 3:18-cv-02463-CAB-RBM <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** <br><br> [Doc. 12.] |

## I. INTRODUCTION

Before the Court is Plaintiff Angel P. Ayala ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis*. Plaintiff has filed a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) on the grounds that he cannot afford to hire a lawyer, his incarceration limits his ability to litigate, he has no legal experience, he has mental health issues, and a lawyer could help him investigate, litigate, and try this case. (Doc. 12, at 1-2.) After a thorough review of the moving papers, the Court does not find that exceptional circumstances justifying the appointment of counsel at this time. Accordingly, Plaintiff's motion is **DENIED**, without prejudice.

## II. BACKGROUND

Plaintiff has filed a lawsuit pursuant to 42 U.S.C. § 1983 against two correctional officers at the Richard J. Donovan Correctional Facility in San Diego, California ("RJD").

(Doc. 1.) Plaintiff alleges defendants L. Romero ("Romero") and Mr. Taylor ("Taylor"). Committed violations of the Eighth and Fourth Amendments. Specifically, Plaintiff claims that over the course of several months Romero routinely conducted unjustified, forceful pat-downs and strip-searches while threatening and cursing at him. (Doc. 1, at 4.) Plaintiff also alleges an incident wherein Romero personally searched Plaintiff's cell during a lockdown and stole his personal items. (Doc. 1, at 4.) When Plaintiff reported Romero's conduct to the Warden of RJD, Romero and Taylor allegedly ordered Plaintiff into a dark room and forced him to "strip out" in front of other prison staff. (Doc. 1, at 3.) Plaintiff claims Romero and Taylor then escorted him, naked, back to his cell, where Romero kicked and punched Plaintiff all over his body and cursed at him, while Taylor failed to intervene. (Doc. 1, at 3.)

### III. APPLICABLE LAW

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive but instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, 2014 U.S. Dist. LEXIS 72791 *1 n.1 (E.D. Cal. May 28, 2014) ("Counsel is appointed in civil cases such as this only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, 2010 U.S. Dist. LEXIS 53053 *3 (D. Ariz. May 3, 2010) ("[A]ppointment of counsel in a civil case is rarely invoked . . . "); *see also Schwartzmiller*

*v. Roberts*, 1994 U.S. Dist. LEXIS 1620 *3 n.1 (D. Or. Feb. 11, 1994) ("It is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

## IV. DISCUSSION

Here, the Court does not find that "exceptional circumstances" exist that justify the appointment of counsel at this time. It is difficult to determine Plaintiff's likelihood of success on the merits of his claims, because the litigation is only in the pleading stages. However, if Plaintiff produces evidence to support the allegations in the Complaint, it is possible that Plaintiff could succeed. If the case proceeds beyond summary judgment, the Court would be in a better position to determine Plaintiff's likelihood of success on the merits. Furthermore, Plaintiff has shown the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff has claimed violations of the Eighth Amendment prohibition on cruel and unusual punishment and the Fourth Amendment prohibition on unreasonable searches and seizures. (Doc. 1, at 3-4.) His Complaint is written clearly and is capable of being understood, notwithstanding the facts that he is incarcerated, has no legal experience, and suffers from mental health issues. Considering these factors together, the Court does not find that exceptional circumstances exist that justify the appointment of counsel at this time. If this case proceeds beyond summary judgment, the Court would be willing to consider the appointment of trial counsel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is **DENIED**, without prejudice.

DATE: May 17, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE